1  Douglas D. Gerrard, Esq.
   Nevada Bar No. 4613
2  dgerrard@gerrard-cox.com
   Michael J. Newman, Esq.
3  Nevada Bar No. 10697
   mnewman@gerrard-cox.com
4  GERRARD COX & LARSEN
   2450 Saint Rose Parkway, Suite 200
5  Henderson, Nevada  89074
   (702) 796-4000
6  Attorneys for Colville Services, Ltd.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | BK-N-08-50074-GWZ |
|---|---|
| ECOMARES, INCORPORATED, | Chapter 15 |
| Foreign Representative. | **Date:  May 9, 2008**<br>**Time:  9:30 a.m.** |

## COLVILLE'S PRELIMINARY EVIDENTIARY HEARING BRIEF

COMES NOW COLVILLE SERVICES, LTD., a foreign business entity, by and through its attorneys, GERRARD COX & LARSEN, and files its Preliminary Evidentiary Hearing Brief.

Dated this  18th  day of May, 2008.

                              GERRARD COX & LARSEN


                                /s/ Michael J. Newman, Esq.
                              Douglas D. Gerrard, Esq.
                              Nevada Bar No. 4613
                              Michael J. Newman, Esq.
                              Nevada Bar No. 10697
                              2450 St. Rose Pkwy., Suite 200
                              Henderson, Nevada  89074
                              Attorneys for *COLVILLE SERVICES, LTD*

/ / /

/ / /

**I.**

**STATEMENT OF FACTS.**

The recent filing of a Petition for Recognition of a Foreign Main Proceeding (the "Petition"), regarding German insolvency proceedings, purportedly on behalf of Ecomares, Inc., a Nevada corporation ("Ecomares"), is simply the latest in a long list of evasive, and improper efforts undertaken by Ecomares, and/or purported management of Ecomares, to avoid liability, and responsibility for its past wrongdoings. Indeed, at the evidentiary hearing scheduled for May 9, 2008 (the "Evidentiary Hearing"), Colville anticipates that it will present evidence to demonstrate that the German insolvency proceedings were not commenced against Ecomares, as asserted in the Petition.[1] Rather, the evidence to be presented at the Evidentiary Hearing will establish that (1) the German insolvency proceedings were commenced by Dieter Kloth and Gerritt Quantz, purportedly acting with authority as officers of Ecomares, although they were no longer officers of Ecomares, and that the insolvency proceedings affect only one or more subsidiaries of Ecomares.

**A.    BACKGROUND.**

Ecomares (a Nevada corporation) is the parent corporation of subsidiaries in Germany. *See* Declaration of Frank Schaefer in Support of Colville's Opposition to Ecomares, Incorporated's Petition for Recognition of Foreign Main Proceeding (the "Declaration"), at ¶ 2. The Declaration is attached hereto as **Exhibit "1,"** and incorporated herein by this reference. Colville Services, Ltd., a foreign business entity ("Colville"), is presently the single largest shareholder of Ecomares, owning 75,000,000 shares of stock in Ecomares. *See id.*, at ¶ 3. Notwithstanding Colville's rightful status as a shareholder,

---

[1] Colville hereby requests that the Court take note of the fact that discovery is still ongoing in this matter. Colville has served written discovery on counsel for Kloth, the responses to which are due on or before April 17, 2008. Furthermore, Colville has scheduled a deposition of Kloth for April 24, 2008, at 10:00 am. Finally, Colville has recently made arrangements for a German attorney to testify at the Evidentiary Hearing, as an expert witness for Colville regarding the German insolvency proceedings specifically, and regarding German insolvency law generally. Accordingly, at the time of the preparation of this Brief, Colville has yet to obtain much of the evidence that it plans to present at the Evidentiary Hearing, but is in the process of gathering such evidence.

2

Ecomares has refused to acknowledge Colville's shares in Ecomares, and has engaged in various efforts to prevent Colville from exercising its rights as a shareholder (the "Dispute"). *See id.*, at ¶ 4.

On or about January 22, 2008, Colville received a copy of the Petition, filed on behalf of "Ecomares, Incorporated". *See id.*, at ¶ 14. Attached to the Petition as Exhibits "A," and "B" (in German, and English, respectively), is a court order issued by a German court, indicating that an insolvency proceeding was commenced by Dieter Kloth and Gerrit Herrmann Quantz, in December of 2007, and that Jens-Soren Schroder was appointed as the insolvency trustee.

It is Colville's contention that the Petition improperly asserts that the entity(s) whose assets are the subject of the insolvency proceedings in Germany is/are actually one or more of the German Subsidiaries, and not Ecomares, the Nevada corporation. *See* Declaration, at *See id.*, at ¶ 18. *See also* Exhibit "B" to the Petition. Indeed, the very language of the German court's order appears to confirm this; it states that the insolvency proceedings are "**on the assets of ECOMARES Incorporated** . . . , Wall 55, 24103 Kiel . . . , **branch office of Ecomares Inc. in Las Vegas Nevada, U.S.A.** . . . ." Exhibit "B" to Petition, at 1 (emphasis added). Thus, the German Court's order itself seems to confirm that it is a subsidiary, or the "branch office" of Ecomares, the Nevada corporation, that is the subject of the German insolvency proceedings.

**B.     THE PETITION CONTAINS KEY INACCURACIES.**

It is Colville's position that the Petition contains some key inaccuracies, primarily the following statement: "[o]n December 1, 2007 an insolvency proceeding was commenced against Ecomares under the German insolvency act." Petition, at 1:27-28, and Declaration of Dieter Kloth in Support of Petition, at 1:22-23. First, although the Petition asserts that the German insolvency proceedings were commenced "against" Ecomares, it does not clearly identify the parties who commenced the proceedings. Whereas, the evidence to be presented by Colville at the upcoming evidentiary hearing will establish that the German insolvency proceedings were actually commenced by Dieter Kloth, and one or more other individuals,

3

1  including Gerrit Quantz ("Quantz"), as an ultra vires act, purportedly acting on behalf of
2  Ecomares. This discrepancy is very significant, due to the present state of the current
3  membership of Ecomares' Board of Directors, and concerning the authority of Dieter Kloth,
4  Gerrit Quantz, and others to act as officers of Ecomares. Under the Bylaws of Ecomares,
5  and due to actions taken by the sole Director elected by the shareholders of Ecomares at the
6  2007 annual shareholder meeting subsequent to his election, the authority of Kloth, Quantz,
7  and others is in question. Indeed, subsequent to his election as the sole Director of
8  Ecomares, Dr. Kuhlmann executed documents evidencing the appointment of Frank
9  Schaefer as a Director of Ecomares, and the subsequent resignation of Dr. Kuhlmann from
10 his position as Director. Therefore, significant questions exist concerning the current
11 membership of the Board of Directors of Ecomares, and therefore, concerning the authority,
12 generally, to take any action on behalf of Ecomares, under the Bylaws of Ecomares, and the
13 Nevada Revised Statutes.

14 Furthermore, there are significant questions regarding the current officers of
15 Ecomares. Indeed, Colville expects to present evidence that while Dr. Kuhlmann was the
16 sole director of Ecomares, he appointed himself as the sole officer of Ecomares filling all
17 officer positions, and that later Dr. Kuhlmann resigned from his position as the sole director,
18 and from his position as the sole officer of Ecomares. Accordingly, as is further set forth
19 below, neither Kloth, Quantz, nor any other individual has the authority as an officer or
20 director of Ecomares to commence the German insolvency proceedings, unless and until the
21 shareholders newly elect a Board of Directors. Alternatively, if Dr. Kuhlmann's
22 appointment of Frank Schaefer as Dr. Kuhlmann's replacement as the sole director of
23 Ecomares is valid, such authority would rest exclusively in Frank Schaefer.

24 Second, the Petition incorrectly asserts that the German insolvency proceedings were
25 commenced against Ecomares, the Nevada corporation. Whereas, the evidence to be
26 presented by Colville at the upcoming Evidentiary Hearing will establish that the German
27 insolvency proceedings were commenced by Kloth and others, against, or purportedly on
28 behalf of, one or more of the German subsidiaries of Ecomares.

GERRARD, COX & LARSEN
2450 St. Rose Parkway, Suite 200
Henderson, Nevada 89074
(702) 796-4000

# II.

# STATEMENT OF AUTHORITIES.

### A. ECOMARES' GERMAN SUBSIDIARIES, NOT ECOMARES THE NEVADA CORPORATION, FILED FOR BANKRUPTCY RELIEF IN GERMANY.

As stated above, Colville will present evidence at the Evidentiary Hearing to establish that either (1) Dr. Kuhlmann held the positions as the sole director, and the sole officer of Ecomares, subsequent to his election, Dr. Kuhlmann resigned from such positions, and accordingly no officers or directors of Ecomares presently exist unless and until a shareholders meeting is conducted, or (2) Frank Schaefer was appointed by Dr. Kuhlmann as Dr. Kuhlmann's replacement as the sole director, and accordingly Frank Schaefer alone has the authority to act on behalf of Ecomares for purposes of commencing insolvency proceedings in Germany, or otherwise.

Under Nevada law, the Board of Directors of a corporation must have at least one director. N.RS. § 78.115. The Board of Directors has full control over all affairs of the corporation. N.R.S. § 78.120. Furthermore, officers of a Nevada corporation must be chosen, and hold office, in accordance with the corporation's bylaws, or as determined by the Board of Directors. N.R.S. § 78.130.

Pursuant to the Bylaws of Ecomares dated in or about September, 2006, at Article 5, Section 1(a), (1) officers are appointed by the Board of Directors, (2) officers will hold office at the pleasure of the Board of Directors, (3) any officer may be removed by the Board of Directors at any time, and (4) the same individual may hold multiple offices. Pursuant to said Bylaws, at Article 3, Section 7(e), if a director attends and participates in a meeting of the Board of Directors, no notice is required to be given to said director. Finally, pursuant to said Bylaws, at Article 3, Section 8, a vote of a majority of directors (assuming a quorum is present) constitutes an act of the Board. A true and correct copy of the September, 2006, Bylaws, as produced by Ecomares in the lawsuit in the United States District Court for the

/ / /

/ / /

District of Nevada styled Ecomares, Incorporated, vs. Angelina Ovcharic, aka Angelina Schaefer, Case No. 06-CV0102-BES(VPC), with Bates Nos. ECO0213-ECO0235, is attached hereto as **Exhibit "2,"** and is incorporated herein by this reference.

Thus, under Nevada law, the Board of Directors has full authority to act on behalf of Ecomares, and at the time the German insolvency proceedings were commenced, either no Board existed, or Frank Schaefer was the sole member of the Board. Furthermore, under Nevada law, if no Board exists, Ecomares is in violation of NRS § 78.115 and cannot take any actions. Pursuant to the Bylaws of Ecomares, Dr. Kuhlmann as the sole director of Ecomares had full authority to appoint himself as the sole officer of Ecomares and thereby replace all other officers. Furthermore, Dr. Kuhlmann was not required to give notice to any other individual of a meeting of the Board of Directors as he was the sole member of the Board and he attended, thereby waiving the notice requirement to himself. Accordingly, given Dr. Kuhlmann's actions while the sole officer and director of Ecomares, either (1) no officers or directors presently exist, or (2) Frank Schaefer possesses all such authority to act on behalf of Ecomares.

Under either scenario, the actions taken by Kloth and Quantz in commencing the German insolvency proceeding and in commencing this Petition for Recognition of Foreign Main Proceeding, are ultra vires actions, taken without authority and are therefore void.

**B.   ECOMARES' GERMAN SUBSIDIARIES, NOT ECOMARES THE NEVADA CORPORATION, FILED FOR BANKRUPTCY RELIEF IN GERMANY.**

As stated above, it is Colville's position that the German insolvency proceedings were not commenced by or against Ecomares, the Nevada corporation, and parent corporation to various German Subsidiaries. Rather, it is Colville's position that one or more of the German subsidiaries of Ecomares is/are the subject of the German insolvency proceedings. *See* Declaration, at ¶ 18. Indeed, the very language of the German court's order appears to confirm this, as it clearly states that the entity whose assets are at issue in the German insolvency proceedings is a "**branch office of Ecomares Inc. in Las Vegas Nevada, U.S.A.** . . . ." *See* Exhibit "B" to Petition (emphasis added). Furthermore, as stated

6

1 above, the evidence to be presented at the Evidentiary Hearing will further establish that the
2 German insolvency proceedings were not commenced by, or even "against", Ecomares the
3 Nevada corporation.

4 As a general principle of bankruptcy law, the fact that a subsidiary has entered into
5 bankruptcy proceedings does not automatically mean that the parent has entered, or must
6 enter, into bankruptcy; parent corporations and their subsidiaries often conduct separate
7 bankruptcy proceedings. *See generally Brandt v. Fleet Capital Corp. (In re TMCI Elec.)*,
8 279 B.R. 552, 558 (Bankr. D. Cal. 2000) (holding that "[t]o permit a bankrupt parent
9 company to appropriate its bankrupt subsidiary's assets absent an express or implied
10 agreement to do so unjustly enriches the parent (and the parent's creditors) to the jeopardy of
11 the subsidiaries' creditors."). Indeed, it is a common practice for a subsidiary to become
12 engaged in bankruptcy proceedings even though the parent corporation is not bankrupt, and
13 vice-versa. *See, e.g., In re All Products Co.*, 32 B.R. 811, 813 (Bankr. D. Mich. 1983) (The
14 debtor, a subsidiary of the parent, was placed in involuntary bankruptcy, and the parent filed
15 a claim for a debt owed it by the debtor-subsidiary).

16 Here, the evidence that Colville anticipates will be presented to this Court at the
17 Evidentiary Hearing will establish that it is merely one or more of the German Subsidiaries
18 of the Nevada corporation, Ecomares, which is/are engaged in the insolvency proceedings in
19 Germany. Accordingly, this Court should hold that such insolvency proceedings have no
20 affect on the parent corporation, Ecomares, which is a Nevada corporation.

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III.

## CONCLUSION.

For the foregoing reasons, Colville respectfully requests that this Honorable Court deny the Petition, and for such other award as the Court deems appropriate and warranted under the circumstances.

Dated this 18th day of April, 2008.

GERRARD COX & LARSEN

  /s/ Michael J. Newman
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
Michael J. Newman, Esq.
Nevada Bar No. 10697
2450 St. Rose Pkwy., Suite 200
Henderson, Nevada 89074
Attorneys for Plaintiff,
COLVILLE SERVICES, LTD

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 18th day of April, 2008, a true and correct copy of the foregoing **COLVILLE'S PRELIMINARY EVIDENTIARY HEARING BRIEF,** was sent by United States mail, first class, postage fully prepaid, and addressed as follows:

**Jeffrey L. Hartman, Esq.**
HARTMAN & HARTMAN
510 West Plumb Lane, Ste B
Reno, NV 89509
*Attorneys for Foreign Representative, DIETER KLOTH*

  /Jill M. Berghammer
An Employee of GERRARD COX & LARSEN

G:\07337\Bankruptcy Court\brief.evid hearing re petition.wpd    8